UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DAVID B. TODD, III,           )
                              )
       Petitioner,            )      Civil Action No. 10-53-HRW
                              )
v.                            )
                              )
J.C. HOLLAND,                 )      **MEMORANDUM OPINION**
                              )      **AND ORDER**
       Respondent.            )

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

David B. Todd, III, is a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Todd has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] and has paid the filing fee. Having reviewed the petition[1], the Court must deny relief because Todd's claims are not cognizable in a petition for a writ of habeas corpus pursuant to Section 2241.

Following a four day trial, on June 1, 2007, a jury found Todd guilty of bank fraud in violation of 18 U.S.C. § 1344; of wire fraud in violation of 18 U.S.C. § 1343; and of money laundering in violation of 18 U.S.C. § 1957. On March 10, 2008, Todd was sentenced to a cumulative seventy-seven month term of incarceration to be served consecutively to an extant state sentence. *United States v. Todd*, No. 05-CR-00090-1 (M.D. Tenn. 2005). Todd appealed his

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, at \*1 (6th Cir. October 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

conviction, but subsequently voluntarily dismissed the appeal. *United States v. Todd*, No. 08-5323 (6th Cir. July 29, 2008). On March 25, 2010, Todd filed a second motion for relief pursuant to 28 U.S.C. § 2255, arguing that both his trial and appellate counsel failed to challenge certain evidence produced at trial under the Confrontation Clause. On May 6, 2010, the Sixth Circuit discussed his motions and denied leave to file the second or successive Section 2255 motion. *In re: David B. Todd, III*, No. 09-5470 (6th Cir. May 6, 2010). Todd reiterates the same arguments in his current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 2 at pp. 7-13]

The Court must deny the petition because Todd may not assert these claims in a habeas corpus petition under section 2241. A federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A federal prisoner may file a habeas corpus petition under Section 2241 only to challenge a decision by prison officials which affects the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition). This

exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

The challenges asserted by Todd in his current petition relate to the sufficiency of his counsel's representation at trial and on direct appeal, claims which could and should have been asserted on direct appeal or in a first motion for relief under Section 2255. Because Todd's claims, even if meritorious, do not indicate that he was convicted of conduct "that the law does not make criminal" in light of a Supreme Court decision handed down after his direct appeal or first collateral attack on his conviction, they are not cognizable in a habeas corpus proceeding under Section 2241. *Bousley v. United States*, 523 U.S. 614, 620 (1998).

Accordingly, **IT IS ORDERED** that:

1. Todd's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. Todd's Motion to Appoint Counsel [R. 6] is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

This August 10, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge